United States District Court for the
District of Massachusetts

---

NANCY GESHKE, MOTHER AND NATURAL
GUARDIAN OF N.K., A MINOR AND NANCY
GESHKE, INDIVIDUALLY,

                Plaintiffs,

v.

CROCS, INC.,

                Defendant/Third-Party
Plaintiff,

v.

KONE, INC. AND MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY

                THIRD-PARTY
DEFENDANTS

Civil Action No. 10-11567-RGS

---

**DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

      Pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure,

Defendants Massachusetts Bay Transportation Authority ("MBTA") respectfully submits this

memorandum of law in support of its motion to dismiss Crocs, Inc.'s ("Crocs") Third-Party

Complaint alleging contribution filed against the MBTA.

**I.      Preliminary Statement**

      The MBTA became a "public employer" entitled to protection under the Massachusetts

Torts Claim Act, M.G.L. c. 258, § 1 *et seq.* ("MTCA"), effective November 1, 2009.   M.G.L. c. 258,

§ 1.   At the same time, the Massachusetts legislature passed a comprehensive statute

reorganizing several State agencies into a new State Department of Transportation.   *See*

*generally Acts and Resolves of the Massachusetts Legislature, St.2009, c. 25.*   As a result of this legislative action, the MBTA became part of the Massachusetts Department of Transportation. Id.

The incident involving the Plaintiffs which forms the subject matter of the underlying complaint occurred on July 19, 2010, **after** the MBTA became both part of the Department of Transportation and an entity under the strictures of the MTCA.   As a result, the MBTA is entitled to all protections, defenses and limitations pursuant to M.G.L. c. 258, § 1 *et seq.*, as amended.

## II.     Factual Background

This matter arises out of a July 19, 2010 incident at the Aquarium MBTA subway station. During the incident, eight year old N.K.'s foot became entrapped while riding an escalator down into the station from street level.   At the time of the entrapment, N.K. was wearing footwear manufactured by defendant/third-party plaintiff Crocs, Inc.   The plaintiff has sued Crocs alleging product liability theories associated with the footwear.   In turn, Crocs filed a third-party complaint against the MBTA and Kone, Inc. ("Kone") alleging contribution based upon the negligence of each.   The MBTA owned the property and subject escalator, while Kone serviced and maintained the escalator pursuant to a contract with the MBTA.   The plaintiff has not asserted any direct claims against the MBTA (or Kone).   In answering the third-party complaint, the MBTA identified both lack of subject matter jurisdiction and Eleventh Amendment immunity as affirmative defenses in its Answer.

## III.    Argument

### A.     Crocs' Contribution Claim Against the MBTA Should be Dismissed for Lack of Subject Matter Jurisdiction Pursuant to 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure and The Massachusetts Torts Claim Act - M.G.L. c. 258, §3.

The MBTA's motion to dismiss is proper at this time as a court's lack of subject matter jurisdiction may be raised at any time by the parties.   Paparella v. Idreco Invest, 858 F.Supp.

283, 284 (D.Mass. 1994);   See Liakakos v. Cigna Corp., 704 F.Supp. 583, 584 n. 1

(E.D.Pa.1988) citing Emerich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th

Cir.1988)(noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not

a waivable matter and may be raised at anytime by one of the parties, by motion or in the

responsive pleadings, or sua sponte by the trial or reviewing court").   Federal Rule of Civil

Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks

subject matter jurisdiction, the court must dismiss the action."  Fed.R.Civ.P. 12(h)(3).

     Pursuant to M.G.L. c. 258, § 3 "all civil actions brought against a public employer on a

claim for damages cognizable under this chapter shall be brought in the county where the

claimant resides or in the county where the public employer is situated, . . . .The superior court

shall have jurisdiction of all civil actions brought against a public employer."  M.G.L. c. 258, §3.

Contribution claims are derivative and not new causes of action.   Without liability in tort there is

no right of contribution.   Berube v. City of Northampton, 413 Mass. 635, 638, 602 N.E.2d 560

(1992).   Contribution claims against public employers are subject to the provisions of the MTCA.

Id. at 638-639.

     Crocs' contribution claim is a civil action alleging negligence brought against a public

employer – the MBTA – and, therefore, Crocs' third-party complaint should be dismissed for lack

of subject matter jurisdiction because the superior court has exclusive original jurisdiction of

actions brought under the MTCA - M.G.L. c. 258, §3.   Rivera v. Commonwealth of

Massachusetts, 16 F.Supp.2d 84, 85-86 (D.Mass. 1998).

    **B.**   **The Eleventh Amendment of the U.S. Constitution Bars Crocs' Third Party
Complaint Against the MBTA in the United States District Court, District of
Massachusetts**

     Although the federal supplemental jurisdiction statute, 28 U.S.C. §1367, provides the

United States District Courts with jurisdiction over state law claims that form part of the same case

or controversy as other claims before it in which original jurisdiction exists, the statutory grant

cannot permit refashioning of the predicates for state-based claims nor expand the jurisdictional boundaries set forth in Article III and the Eleventh Amendment of the United States Constitution. Rivera, *supra,* 16 F.Supp.2d at 85-86.   "The Eleventh Amendment is an explicit limitation on the judicial power of the United States . . . It deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art. III's grant of jurisdiction."   Id. at 86 citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 120-21, 104 S.Ct. 900, 79 L.Ed.2d 67(1984).   In Rivera v. Commonwealth of Massachusetts, this Court held it could not decide the plaintiff's tort claim suit against the Commonwealth of Massachusetts, either independently or in conjunction with other claims, if jurisdiction is barred by the Eleventh Amendment.   Rivera, 16 F.Supp.2d at 87.   This Court explained that plaintiff's claim against the Commonwealth could only be heard in the United States District Court if the Commonwealth consented to its jurisdiction.   Id.   "In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst, 465 U.S. at 100, 104 S.Ct. 900.

"[A] State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued."(emphasis added) Id., at 98, 104 S.Ct. 900.   As a result, a state may waive its sovereign immunity against suits in state court while maintaining its sovereign immunity against the same suits in federal court.   A state's general waiver of sovereign immunity has precisely this effect.   See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) ("Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment.... Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court.").   The Massachusetts Supreme Judicial Court has specifically held that the MTCA

does <u>not</u> express the Massachusetts' legislature's implied or explicit consent to suit against the Commonwealth in federal court.   <u>Rivera</u> at 87-88, citing <u>Irwin v. Commission of Dep't of Youth Services</u>, 388 Mass. 810, 811, 448 N.E.2d 721 (1983).   The MTCA does not constitute waiver of Eleventh Amendment sovereign immunity.   <u>Id.</u>

As noted above, the MBTA is an arm of the Massachusetts Department of Transportation. The Massachusetts legislature has not consented to the jurisdiction of the federal courts over the MBTA for claims such as the negligence/contribution claim asserted by Crocs against the MBTA here.   As the MBTA has not waived its sovereign immunity, this Court lacks jurisdiction, either original or supplemental, over Crocs' third-party complaint against the MBTA.   Accordingly, Crocs' claim should be dismissed[1].

### IV.   Conclusion

For the foregoing reasons, the MBTA moves to dismiss Crocs' third-party complaint against it.

---

[1]  It should be noted that while the District Court "remanded" to Massachusetts Superior Court the plaintiff's case against the Commonwealth in <u>Rivera</u>, *supra*, technically a remand would not be an appropriate remedy here.   Instead, upon dismissal by this Court, Crocs must wait to file suit against the MBTA (if it chooses to do so) in state court only after it has paid a settlement or judgment in excess of its pro rata share. Under Massachusetts law, payment by a party or its insurer is a prerequisite to an action for contribution. <u>Robertson v. McCarte</u>, 13 Mass.App.Ct. 441, 422 n.1, 433 N.E.2d 1262 (1982).

Date: June 28, 2011                      Respectfully Submitted
                                          The Third-Party Defendant,
                                          MBTA
                                          By its Attorneys,

                                          /s David T. Mitrou

                                          David T. Mitrou    [BBO #645775]
                                          THE MCCORMACK FIRM, LLC
                                          One International Place
                                          Boston, MA 02110
                                          Ph:    (617) 951-2929
                                          Fax: (617) 951-2672
                                          E-Mail: dmitrou@mccormackfirm.com


### Certificate of Electronic Service via ECF

I hereby certify that this Memorandum of Support of Summary Judgment has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

                                                        /s David T. Mitrou
                                                        06/28/11

6